UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNY MORRIS,

        Plaintiff,

v.

WASHINGTON MUTUAL BANK, WAYNE COUNTY SHERIFF DEPARTMENT and LONG BEACH MORTGAGE,

        Defendants.
                                     /

CASE NO. 10-13891

HON. MARIANNE O. BATTANI

## OPINION AND ORDER GRANTING IN PART WAYNE COUNTY'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT BASED ON FRCP12(B)(6) AND 56(C) AND ORDER OF REMAND

Before the Court are Defendant Wayne County's Motion to Dismiss and for Summary Judgment Based on FRCP12(b)(6) and 56(c) (Doc. No. 21), and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 24). The Court has reviewed all the filings relevant to these motions and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS in part** Wayne County's Motion to Dismiss, **DENIES in part** Plaintiff's motion to amend, and **REMANDS** this matter to Wayne County Circuit Court.

**I. FACTS**

On March 21, 2006, Plaintiff received a loan from Long Beach Mortgage Company to purchase property located at 13208 Sussex Street, Detroit Michigan. The note was secured by a mortgage on the Property.

In November 2006, Plaintiff was convicted of a crime and sentenced to thirty-six months in prison. (Comp. ¶ 8). Plaintiff defaulted on his obligations under the Note and Mortgage and foreclosure proceedings were commenced. On January 31, 2007, a sheriff's sale was held and Washington Mutual Bank (WaMu) purchased the property. Plaintiff's statutory right to redeem expired on July 31, 2007.

In September 2008, the Office of Thrift Supervision closed WaMu. The Federal Deposit Insurance Corporation (FDIC) was appointed as received, and thereafter it sold loans and other assets to Defendant JPMorgan Chase Bank.

Plaintiff filed his complaint in Wayne County Circuit Court on June 29, 2010, nearly three years after the redemption period expired. Defendant Wayne County timely removed the action, on the basis of federal question jurisdiction. Specifically, it noted that Plaintiff included a federal claim under the Federal Torts Claim Act.

In his Complaint, captioned "Replevin and/or Claim and Delivery", Morris alleges that Sterling Harrison, who executed the Sheriff's deed, was not properly deputized. In Count I (Misrepresentation and Detrimental Reliance), Morris alleges that WaMu relied on the false documents to gain advantage over Plaintiff. (Doc. No. 1, ¶ 22). In Count II (Elements of Negligence, Fraud and Misrepresentation Against Wayne County in Connection with the Violation of MCLA 51.70 Resulting in A Claim under the Federal Tort Claim Act), Plaintiff alleges that Harrison represented that he was duly authorized to act as a deputy sheriff for purposes of conducting the sheriff sale. In Count III (Slander of Title), Morris argues that the sherrif's deed was void and its filing constituted slander of title. In Count IV (Equitable Relief to Set Aside Sheriff's Deed), Morris asserts that

2

because the deed was void, the deed must be set aside. In Count V (Intentional Infliction of Emotional Distress), Plaintiff asserts that Wayne County's actions resulted in the loss of his property. In Count VI (Civil Conspiracy), Morris alleges that the employees of the Wayne County Sheriff's Department conspired to defraud him. In his prayer for relief, Plaintiff requests that the Court declare the sheriff's deed null and void, quiet title, and award him $2 million in damages.

In addition to the identification of the FTCA claim as a basis for removal, Wayne County relied on Plaintiff's assertion that his due process rights were violated under 15 U.S.C. § 1692(g) because he did not receive a dunning letter. (See Compl. ¶ 50).

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Federal Rule of Civil Procedure 56(a) authorizes a court to grant summary judgment if "the movant shows there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

### III. ANALYSIS

Plaintiff alleges that the foreclosure and sale of his home violated state and federal law. Accordingly to Wayne County, Plaintiff has failed to state a claim under the Federal Tort Claims Act Federal Torts Claims Act (FTCA), 28 U.S.C. § 2671 et seq. because the United States is the only proper defendant in such an action.

This Court agrees. More importantly, a district court lacks subject matter jurisdiction over a FTCA action in which a plaintiff fails to name the United States as a defendant. 28 U.S.C. § 2679(a); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990); Vernell by and through Vernell v. United States Postal Service, 819 F.2d 108, 110 (5th Cir.1987); Myers & Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). Thus, when Plaintiff filed suit against Wayne County, and not the United States, he failed to state a claim for which relief may be granted, and Wayne County is entitled to dismissal of the federal tort claim.

The second basis for removal identified in the Notice of Removal, is a factual allegation included in Count IV, Equitable Relief to Set Aside Sheriff's Deed. Specifically, at paragraph 50 of the complaint, Plaintiff asserts that he did not receive a "dunning letter" in violation of his due process rights.

In its motion, Wayne County also challenges Plaintiff's assertion that due process rights are implicated when a foreclosure is conducted through a sheriff's sale. Case law in this circuit is clear that a foreclosure by advertisement is "an incident of the private right to contract," and does not implicate the due process clause of the Fourteenth Amendment. Northrip v. Fed. Nat'l Mortg, Assoc,, 527 F.2d 23, 28-29 (6th Cir. 1975). Consequently, to the extent that Morris claims a violation of his due process rights on this ground, he has failed to state a claim.

Because the Court has dismissed all claims over which it has original jurisdiction, it must access whether to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254–55 (6th Cir. 1996).

In this case, Plaintiff never had a valid claim under the Federal Torts Claim Act, so supplemental jurisdiction "can never exist." Id. at 1255. Although the exercise of supplemental jurisdiction relative to the dismissed due process claim is not prohibited,

5

the dismissal early in the proceedings demonstrates that "the substance" of that claim was "lacking." Id. Here, the Court has dismissed all of Morris' federal claims in this action, and the Court finds no unusual circumstances exist that warrant the exercise of supplemental jurisdiction over Plaintiff's state law claims. The Court's conclusion is not altered by Plaintiff request for leave to amend his complaint to add a claim under 42 U.S.C. § 1983. That request is futile relative to the addition of a federal claim. See Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989) (articulating the factors that may affect a request to amend including futility of the amendment). As noted above, a claim based on due process is not viable on the facts of this case. See Northrip, 527 F.2d at 29.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** in part Defendant's motion and **DENIES in part** Plaintiff's Motion to Amend. In light of the Court's ruling, this matter is **REMANDED** to Wayne County Circuit Court.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Date: September 29, 2011

## CERTIFICATE OF SERVICE

  Copies of this Opinion and Order were mailed to and/or electronically filed to Plaintiff and counsel of record on this date.

              s/Bernadette M. Thebolt
              Case Manager